IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01094-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 0 2010

GREGORY C. LANGHAM
CLERK

LARRY ELEVTHERIOS JOHNSON,

Plaintiff,

v.

ABIGAIL PILMENSTEIN,
JOHN DOE, Supervisor of the University of Colorado at Boulder Police,
JOHN DOE CAMPUS POLICE OFFICER # 1,
JOHN DOE CAMPUS POLICE OFFICER # 2,
JAMAL WARD, Judicial Affairs Officer at University of Colorado at Boulder,
LESLIE MORRIS, Judicial Affairs Officer at University of Colorado at Boulder,
JOHN DOE STUDENT # 1, of the University of Colorado at Boulder, sanctioned student "Peer" protection group,
JANE DOE # 1, John Doe Student #1's co-conspirator and supervisor, of the University of Colorado at Boulder sanctioned student "peer" protection group,
MESA (Movement to End Sexual Assault), and
JANE DOE PROSECUTOR, Boulder District Attorney's Office,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AND FINAL AMENDED COMPLAINT

---

Plaintiff, Larry Elevtherios Johnson, initiated this action by filing a *pro se* Complaint and Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on May 3, 2010. He has been granted leave to proceed *in forma pauperis*.

On June 21, 2010, the Court determined that the Complaint was deficient because Plaintiff was suing improper parties, and because Plaintiff failed to allege the personal participation of each named Defendant. Accordingly, Plaintiff was directed to file an Amended Complaint, which he submitted to the Court on July 21, 2010.

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.* Under Section 1983, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law. For the reasons set forth below, Plaintiff will be directed to file a Second and Final Amended complaint.

In the Amended Complaint, Mr. Johnson brings nine claims for relief. Mr. Johnson asserts jurisdiction pursuant to the Civil Rights Act of 1866 and 1871, 42 U.S.C. § 1981, 42 U.S.C. § 1983 and 42 U.S.C. § 1985. However, in claims Three, Four, Five, Six, Seven and Eight, Mr. Johnson does not identify the statutory authority supporting his claims. Further, these claims appear to allege state law causes of action, including slander, libel, intentional infliction of emotional distress, and false imprisonment. In the Second and Final Amended Complaint, Mr. Johnson will be directed to clarify if he intends to assert the Court's supplemental jurisdiction over Colorado state law claims. Mr. Johnson is also directed to clarify which claims are being asserted pursuant to which statute.

Second, the Court finds that the Amended Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Johnson's Amended Complaint fails to comply with Rule 8 because it fails to set forth a short and plain statement of his claims showing that he is entitled to relief. His claims are repetitive, verbose and confusing. In the Amended Complaint, he sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home*

*Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the Amended Complaint is excessively and unnecessarily long. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

It is Mr. Johnson's responsibility to present his claims in a manageable format that allows the Court and the Defendants know what claims are being asserted and to be able to respond to those claims. Mr. Johnson must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Futher, the Court finds that Mr. Johnson is suing improper parties. Mr. Johnson's claims against Defendants Abigail Pilmenstein, John Doe Student # 1, Jane Doe # 1 and MESA are not asserted properly pursuant to § 1983 because Mr. Johnson does not assert that those Defendants were acting under color of state law. "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper

defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)). Because Mr. Johnson does not assert that Defendants Abigail Pilmenstein, John Doe Student # 1, Jane Doe # 1 and MESA were acting under color of state law, these Defendants are not proper parties to a § 1983 action.

Finally, Mr. Johnson also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Johnson must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as John Doe Supervisor of the University of Colorado at Boulder Police, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Johnson may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Johnson uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service.

Mr. Johnson, therefore, will be directed to file a Second and Final Amended

Complaint that names only proper parties and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. In order for Mr. Johnson to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff, Larry Elevtherios Johnson, file **within thirty (30) days from the date of this order** a Second and Final Amended Complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Second and Final Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Johnson, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Complaint. It is

FURTHER ORDERED that, if Mr. Johnson fails to file a Second and Final Amended Complaint that complies with this order to the Court's satisfaction within the time allowed, the Amended Complaint and the action will be dismissed without further notice.

DATED August 10, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-01094-BNB

Larry E. Johnson
2985 E. Aurora Ave. #328
Boulder, CO 80303

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 8|10|10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk